# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE PETTAWAY, | ) | |
|     Plaintiff, | ) | Civil Action No. 18-283E |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN WETZEL, et al, | ) | District Judge Susan Paradise Baxter |
|     Defendants. | ) | |

## MEMORANDUM OPINION

District Judge Susan Paradise Baxter

*Procedural History of Plaintiff's Most Recent Spate of Filings*

Plaintiff Wayne Pettaway, an inmate incarcerated within state custody, has been a prolific filer in this Court for several years going back to 1995. Beginning on August 13, 2018, Pettaway filed thirteen separate civil actions, seeking leave to proceed in forma pauperis in each: 2:18-cv-1050; 2:18-cv-1146; 1:18-cv-240; 1:18-cv-279; 1:18-cv-280; 1:18-cv-281; 1:18-cv-282; 1:18-cv-283; 1:18-cv-284; 1:18-cv-285; 1:18-cv-286; 1:18-cv-288; and 1:18-cv-306. Many of these cases are duplicative of each other and of cases Plaintiff has filed in this Court over the last several years.[1]

---

[1] A pattern of vexatious litigation may justify an order prohibiting further filings without permission of the court. See Gagliardi v. McWilliams, 834 F.2d 81 (3d Cir. 1987); In re Oliver, 682 F.2d 443, at 445-46 (3d Cir. 1982) ("In appropriate circumstances, courts have gone beyond prohibitions against relitigation and enjoined persons from filing any further claims of any sort without the permission of the court. […] [A] continuous pattern of groundless and vexatious litigation can, at some point, support an order against further filings of complaints without the permission of the court."). See also Coulter v. Bissoon, 2017 WL 2876314 (W.D. Pa. July 5, 2017).

By Memorandum Opinions and Orders filed around October 22, 2018 in twelve of the thirteen cases, Plaintiff's motion for leave to proceed in forma pauperis was denied in accordance with 28 U.S.C. §1915(g), the so-called "Three Strikes Rule."[2] Because of multiple prior dismissals[3], and because the allegations of Plaintiff's complaint did not indicate that he was in imminent danger of serious physical injury, Plaintiff's motions for leave to proceed *in forma pauperis* were denied and the cases closed until such time as Plaintiff pays the full filing fee of $400.00 in each case.

In one of the thirteen cases, Plaintiff made allegations that the Healthcare Administrator Ms. Smock and the Commonwealth of Pennsylvania were denying him medical treatment for Hepatitis C and ignoring his requests for sick call. As relief, Plaintiff sought immediate medical treatment. This Court liberally construed Plaintiff's allegations as raising the possibility of "imminent danger of serious physical injury," granted the motion for in forma pauperis and allowed Plaintiff to proceed with that case. See Civil Action No. 18-285E.

On November 6, 2018, in all of the thirteen cases, twelve of which are now closed, Plaintiff filed another "Affidavit in Support," which reads in its entirety:

---

[2] Section 804(g) of Pub.L. No. 104-134, enacted April 26, 1996, amended 28 U.S.C. § 1915 to provide: "[i]n no events shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions … brought an action or appeal in the court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g). Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (interpreting imminent danger).

[3] More than three of Plaintiff's prior lawsuits have been dismissed as legally frivolous or for failure to state a claim upon which relief may be granted: Pettaway v. SCI Albion, C.A. No. 11-158Erie; Pettaway v. SCI Albion, C.A. No. 12-1396 (Third Circuit); Pettaway v. State of Pennsylvania, C.A. No. 13-1551Pittsburgh; Pettaway v. District Attorney Zappala, C.A. No. 15-1431Pittsburgh; Pettaway v. Overton, C.A. No. 13-213Erie; and Pettaway v. Overton, C.A. No. 15-2156 (Third Circuit).

> "I pray for consideration[.] will send for a DNA test if possible: I Wayne Pettaway subject myself to the penalties of perjury under Pa. 18. C.S.A. 4904 relating to unsworn falsification to authority. I humbly appeal section 804(f) of Pub.L.No 104-134, enacted April 26, 1996, amended 28 U.S.C. § 1915, I humbly appeal too [sic] imminent danger of serious physical injury, do [sic] mail that was returned to me with urine and who no [sic] what else could be HIV, or chemical agent that could posibly [sic] kill me, I have all the mail, I am scare [sic] for my life here at SCI Albion, please help me."

ECF No. 6.

*This Civil Action*

In this civil action, Plaintiff named the following Department of Corrections employees as Defendants: Secretary John Wetzel, Superintendent Michael Clark, Deputy Superintendent Paula Ennis, CSO Brian Flinchbaugh, and Deputy Superintendent FM Valerie Kusiak. Plaintiff entitled his initial filing as "Writ of Mandamus/Injunction" and stated:

> "Factual allegation: no grievances, no request slip, no state soap, no state toothbrush, no pen, no state shampoo, when request[ed] by me or any other inmate in the program DTU stands for D-code treatment unit no behavior treatment, basic human needs are denied every day or every hour no showers – no yard, no clean sheet – no pillow – no blanket – no cleaning supplies."

ECF No. 1, page 1. Plaintiff did not specify the relief sought in his initial filing.

This civil action remains closed pending Plaintiff's payment of the full filing fee. Although Plaintiff "appeals" to an "imminent danger of serious physical harm," presumably in an effort to overcome the denial of his in forma pauperis status based upon his prior "three strikes," there is nothing in this case that indicates that Plaintiff is in danger of physical harm. To the extent that Plaintiff could be in imminent danger of serious physical harm in regard to the denial of medical treatment for Hepatitis C, he has been allowed to pursue that claim in Civil Action No. 18-285E without the prepayment of the filing fee. To the extent that Plaintiff could

suffer physical harm from allegedly contaminated mail delivered to him, that is a separate case that Plaintiff has not yet filed. See Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (the imminent danger exception to § 1915(g)'s "three strikes" rule is only available "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate.").

Furthermore, Plaintiff may not list multiple case numbers in the caption of a filing and expect that such will be docketed at each listed case number. A separate Order will be issued that prohibits such filing in the future and directs the Clerk of Courts not to file any such documents from Plaintiff that attempt to be docketed at multiple docket numbers. Any such attempt will be returned to Plaintiff.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

Dated: November 28, 2018